## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| ADEOLA MITCHEL, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-21-2972 |
| LVNV FUNDING, LLC, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM

Pending before the Court is Defendant LVNV Funding, LLC's ("LVNV") Motion to Dismiss for Lack of Prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 10.) Plaintiff Adeola Mitchel, proceeding *pro se*, did not respond to the Motion within the time prescribed by Local Rule 105.2(a). The Motion is thus ripe for disposition, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, the Court will GRANT the Motion and dismiss this action without prejudice.

### I.    *Factual and Procedural Background*

On November 19, 2021, Mitchel brought this action *pro se* against LVNV, alleging several violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Compl., ECF No. 1.) Mitchel was granted leave to proceed *in forma pauperis*. (ECF No. 3.) Upon direction by the Court, (*see* ECF No. 3), Mitchel submitted to the Court a completed U.S. Marshal service of process request form and a summons for LVNV on January 21, 2022. (ECF No. 4.) After LVNV filed its Answer, (ECF No. 6), the Court entered a Scheduling Order setting discovery and motions deadlines. (ECF No. 8.) The Court ordered that "initial disclosures . . .

be served on opposing parties on or before May 23, 2022," and that "discovery . . . be completed by August 5, 2022." (*Id.*)  The Court further directed the parties to submit a status report on August 5, 2022, and to file any motions for summary judgment by September 6, 2022. (*Id.*)

On August 5, 2022, LVNV filed a status report "on its own behalf," in which it stated that its counsel had "had no communication with [Mitchel] since the inception of this lawsuit despite efforts to discuss this matter[.]" (ECF No. 9.) LVNV reported that Mitchel "did not make initial disclosures, did not serve discovery, and did not request or obtain deposition testimony" in accordance with the Court's deadlines. (*Id.*) Mitchel filed no status report.

LVNV filed the instant Motion to Dismiss on September 6, 2022. (ECF No. 10.) LVNV argues that Mitchel's "wholesale failure to prosecute this lawsuit" is grounds for dismissal under Rule 41(b). (*Id.* at 4.) Specifically, LVNV contends that dismissal is appropriate because Mitchel "has not complied with any of the requirements established by the Court's Scheduling Order." (*Id.* at 3.) Mitchel did not respond to LVNV's Motion despite being mailed notice of its filing. (*See* ECF No. 11.) However, on October 24, 2022, five months after they were due, Mitchel filed initial disclosures with the Court; these were returned to Mitchel in accordance with Local Rule 104.5, which instructs that such disclosures should not be formally filed. (ECF No. 12.) The Court has received no update from either party as to whether Mitchel has since provided LVNV with initial disclosures or otherwise participated in the discovery process.

## II.    *Legal Standard and Analysis*

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise," a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  The Fourth Circuit requires

district courts to consider four factors before granting a Rule 41(b) dismissal: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). In weighing these factors, courts must bear in mind that "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (citations omitted).

Based on the available record, the Court concludes that dismissal under Rule 41(b) is appropriate because Mitchel has demonstrated a failure to prosecute this action. Applying the *Hillig* factors, the Court finds that Mitchel alone bears responsibility for the delay in this case. As a *pro se* plaintiff, Mitchel set the judicial wheels in motion and, as a result, had a unique obligation to pursue the case, including by participating in discovery and complying with Court-imposed processes and deadlines. The Court, crediting LVNV's assertion that its counsel have been altogether unable to communicate with Mitchel, finds that Mitchel has almost completely failed to meet that obligation. (*See* ECF No. 9.) The degree of prejudice caused to LVNV, a sophisticated business entity represented by counsel, has been minimal, but LVNV's frustration at Mitchel's failure to participate in this litigation is reasonable. While the record does not indicate that Mitchel acted deliberately to delay the judicial process, it does reflect multiple instances of missed deadlines and lack of communication over a period of at least six months. The Court thus concludes, based on the record and LVNV's representations, that Mitchel has failed to prosecute this matter.

3

However, in considering the availability of sanctions less drastic than dismissal with prejudice, the Court recognizes that given Mitchel's *pro se* status, a lack of compliance with the complex rules and directives that accompany federal litigation should be viewed with leniency. *See Skydive Myrtle Beach Inc. v. Horry Cnty. Dep't Airports*, 735 F. App'x 810, 815 (acknowledging the leniency often afforded to *pro se* litigants).  Further, Mitchel's errant filing of initial disclosures on October 24, 2022, indicates a relatively recent interest in pursuing the merits of this case.  Accordingly, while dismissal for failure to prosecute is warranted under the circumstances, the case will be dismissed without prejudice, leaving Mitchel free to reassert the claims presented in this case in a subsequent lawsuit.

### III.    *Conclusion*

For the reasons set forth above, a separate Order (ECF No. 14) shall issue GRANTING LVNV's Motion to Dismiss for Lack of Prosecution (ECF No. 10) and DISMISSING this case without prejudice.

DATED this ___ day of December, 2022.

BY THE COURT:

James K. Bredar
Chief Judge

4